UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:16-CV-21273-RNS

GEORGE KIRSHAM HARRIS,
LUXON LUBORIEUX, ARTURO
LACAYO, and ERIC GAMARRA,

    Plaintiffs,

v.

SWISSPORT SA, LLC f/k/a SERVISAIR LLC,
a Delaware limited liability company, SWISSPORT
CARGO SERVICES, L.P., a California limited
Partnership,

    Defendants.
_____/

## **DEFENDANTS' MOTIONS *IN LIMINE* TO EXCLUDE EVIDENCE AT TRIAL**

Defendants, Swissport SA, LLC, f/k/a Servisair LLC ("Swissport SA") and Swissport Cargo Services, L.P. ("Swissport Cargo") (collectively referred to as "Defendants"), submit the following Motions *in Limine* and respectfully request the Court to prohibit Plaintiffs, Luxon Laborieux, Arturo Lacayo, and Eric Gamarra, and their counsel and witnesses from using or introducing at trial the following types of information and evidence, pursuant to Federal Rules of Evidence 401, 402, and 403: (a) references to and evidence of other lawsuits filed against Defendants, their related companies, or their predecessor or successor companies (including, but not limited to, non-FLSA claims filed by Gamarra); and (b) references to, evidence of, and arguments regarding any alleged failure by Swissport SA to pay Plaintiff Lacayo properly for all hours worked while he was employed as an hourly Fueler.

## MEMORANDUM OF LAW

This is a wage and hour case in which Plaintiffs have alleged claims against Defendants for overtime and minimum wage violations under the Fair Labor Standards Act, 29 U.S.C §§ 201-219 (the "FLSA"). As to their overtime claims, Plaintiffs Laborieux and Lacayo allege they were misclassified as exempt from the requirements of the FLSA when employed as Duty Managers for Swissport SA. Similarly, Plaintiff Gamarra alleges he was misclassified as exempt when employed as a Cargo Supervisor for Swissport Cargo.

Plaintiffs previously were involved in a matter still pending in the Southern District of Florida in which Plaintiffs, as well as several other individuals, purported to be opt-ins in a putative collective action.[1] Those putative opt-ins – most of whom did not hold the same positions as Plaintiffs, and whose claims involve timekeeping issues as opposed to the misclassification issues that Plaintiffs raise herein – were dismissed from that original action and subsequently filed their own lawsuit.[2] Moreover, while lawsuits previously filed against Defendants, their related companies, or their corporate predecessors have challenged timekeeping practices, none of those cases (with the exception of the one in which Plaintiffs previously purported to join as putative opt-in plaintiffs and subsequently were dismissed) involve allegations of misclassification of employees under the FLSA.[3] The only claims presently before the Court, therefore, are those claims pertaining to Plaintiffs.

---

[1] *See Aguilar v. Swissport*, Case No. 1:15-CV-22357-JEM (S.D. Fla. filed June 24, 2015).

[2] *See e.g. Asemy, et al. v. Swissport SA, LLC*, Case No. 16−CV−21272−MGC (S.D. Fla. filed Apr. 8, 2016).

[3] *See e.g. Caballero v. Servisair, LLC et al.*, Case No. 1:12-CV-20885-RNS (S.D. Fla. Mar. 4, 2012); *Mora v. Servisair, LLC et al.*, Case No. 1:12-CV-23205-MGC (S.D. Fla. Oct. 16, 2012); *Barahona et al. v. Servisair, LLC et al.*, Case No. 1:12-CV-24278-JAL (S.D. Fla. Dec. 14, 2012);

Aside from the wage-hour claims above, Gamarra previously has filed claims against Swissport Cargo relating to a work-related injury, including allegations of age and disability discrimination and a claim regarding his workers' compensation benefits. Nothing regarding such claims relate to his alleged misclassification under the FLSA.

Lastly, as described in more detail in section II(B) below, Plaintiff Lacayo was, for a brief period during the claimed statute of limitations, in a non-exempt Fueler position. In his deposition, however, he admitted he properly was paid when in that position, and in response to Defendants' motion for summary judgment, he did not object to entry of judgment in favor of Defendants regarding such period.

## I.   LEGAL STANDARD

Federal Rule of Evidence 402 provides: "Irrelevant evidence is not admissible." Federal Rule of Evidence 401 provides the test for relevant evidence. Evidence sought to be admitted must tend to make the existence of some fact, which is of consequence in determining the action, more or less probable than it would be without the evidence. Fed. R. Evid. 401.

Federal Rule of Evidence 403 provides that the Court "may exclude relevant evidence if its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Ultimately, a "trial court has broad discretion in determining the admissibility of evidence . . . ." *Lane v. McKeithen*, 423 F. App'x 903, 905 (11th Cir. 2011) (quoting *United States v. Ruiz,* 253 F.3d 634, 639 (11th Cir.2001)).

---

*Oakley et al v. Servisair, LLC et al.*, Case No. 1:13-CV-04191-ENV-VVP (E.D.N.Y. July 23, 2013).

3

## II. MOTIONS *IN LIMINE*

### A. All References To And Evidence Of Other Lawsuits Filed Against Defendants, Their Related Companies, Or Their Predecessor Or Successor Companies, Should Be Excluded.

Defendants seek to exclude all evidence of, or reference to, other lawsuits filed against Defendants, their related companies, or their predecessor or successor companies, other than the matter currently before the Court at trial (*i.e.,* Plaintiffs' individual FLSA claims), because such evidence is irrelevant and unfairly prejudicial to Defendants. The filing of other lawsuits or of other individuals joining in lawsuits against Defendants, their related companies, or their predecessor or successor companies is not relevant to any fact properly before the jury for consideration. This is particularly true where the predominant issues in most of these cases involve practices other than an alleged misclassification of certain positions as exempt, and where the one other case involving alleged misclassification is still pending before the Court (*i.e.,* there is no ruling on the exemption issue from the Court).

Introduction of such evidence would confuse the issues before the jury and mislead the jury into giving weight to allegations, as opposed to facts, for the purpose of finding liability in the matter before it. Evidence of allegations are not facts "of consequence in determining the action," and do not make such facts "more or less probable than [they] would be without the evidence," as required by Federal Rule of Evidence 401. *See* Fed. R. Evid. 401. As evidence of lawsuits against Defendants, their related companies, or their successor or predecessor companies – including claims by Gamarra having nothing to do with his seeking overtime compensation in connection with his classification as an exempt employee – would unfairly prejudice Defendants for the reasons listed above, such evidence is inadmissible under Federal Rules of Evidence 401, 402, and 403.

  B. **All References To, Evidence Of, And Arguments Regarding Any Alleged Failure By Swissport SA To Pay Plaintiff Lacayo Properly For All Hours Worked While He Was Employed As An Hourly Fueler Should Be Excluded**.

  Plaintiff Lacayo was employed as an hourly Fueler from his date of hire until February 13, 2015, when he was promoted to Duty Manager.  Plaintiffs have claimed the three-year statute of limitations should apply to this case, which Defendants oppose.  With respect to Plaintiff Lacayo, there exists a period of time, which falls within the alleged three-year statute of limitations period, during which Plaintiff Lacayo was employed as an hourly Fueler.  Plaintiff Lacayo, however, stated during his deposition that, as a Fueler, he never worked without being clocked in (Lacayo Dep. 96:3-97:4), and that he is not claiming he is owed overtime for weeks during which he was employed as a Fueler.  (*Id.* at 115:19-22).  Moreover, Defendants argued in their summary judgment motion that Lacayo has no claim for overtime based on his deposition testimony.  *See* Doc. 46 at p. 4, fn. 1; Doc. 45 at ¶ 5.  Plaintiffs did not address this argument nor did they dispute Plaintiff Lacayo's testimony regarding his overtime as an hourly Fueler.  *See* Doc. 54 at ¶5 (stating "[u]ndisputed" in response to paragraph 5 of Defendants' Statement of Material Facts); *see generally* Doc. 53.  Plaintiff Lacayo has therefore abandoned any overtime claim as to the time he was employed as an hourly Fueler.  *See Aponte v. Royal Caribbean Cruises, Ltd.*, No. 15-21854-CIV, 2016 WL 4916967, at *3 (S.D. Fla. Sept. 14, 2016) (finding plaintiff likely abandoned claim where "fail[ed] to even mention, much less rebut" an issue raised by defendant) (citations omitted), *appeal filed* (11th Cir. Oct. 14, 2016); *Mills v. NCL (Bahamas) Ltd.*, No. 13-24174-CIV, 2015 WL 11201209, at *8 (S.D. Fla. Apr. 10, 2015) ("Failure to respond to the opposing party's summary judgment arguments regarding a claim constitutes an abandonment of that claim and warrants the entry of summary judgment for the

opposing party.") (quoting *Burnette v. Northside Hosp.*, 342 F. Supp. 2d 1128, 1140 (N.D. Ga. 2004)) (citations omitted).

Abandoned claims, and facts presented for the sole purpose of supporting such claims, are not relevant. Plaintiffs, therefore, should be precluded from presenting evidence of, referring to, or making arguments regarding the application of overtime as it applies to Plaintiff Lacayo for the time period preceding February 13, 2015.

As such claims are irrelevant and unfairly prejudicial to Defendants, Plaintiffs are consequently precluded under Federal Rules 401, 402, and 403, from presenting evidence of, referring to, or making arguments regarding such claims.

## CONCLUSION

The Court should grant the Motion, exclude the evidence described above, and further instruct Plaintiffs, their counsel, and their witnesses not to attempt to introduce any such evidence in any form, and not to suggest, comment, or refer to the existence or substance of such evidence, directly or indirectly, in any way before the jury without first obtaining permission from the Court.

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3), counsel for Defendants certify that they have conferred with counsel for all parties who may be affected by the relief sought herein in a good faith effort to resolve the issues presented by this motion, and were able to agree to the exclusion of references to non-FLSA claims, but were unable to reach agreement on the resolution of the remaining matters in the motion.

Dated this 14th day of February 2017.

                                      Respectfully submitted,

                                      *s/Patrick M. Muldowney*
                                      Patrick M. Muldowney
                                      Florida Bar No.:  0978396
                                      E-Mail:  pmuldowney@bakerlaw.com
                                      Meagan L. Martin
                                      Florida Bar No.: 0089657
                                      E-Mail:  mmartin@bakerlaw.com
                                      **BAKER & HOSTETLER LLP**
                                      Post Office Box 112
                                      Orlando, Florida  32802-0112
                                      Telephone:  (407) 649-4000
                                      Facsimile:  (407) 841-0168

                                      **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 14, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following:

Christopher F. Zacarias, Esquire
Law Offices of Christopher F. Zacarias, P.A.
5757 Blue Lagoon Drive
Suite 230
Miami, Florida 33126
E-Mail:  czacarias@zacariaslaw.com

                                      *s/Patrick M. Muldowney*
                                      Patrick M. Muldowney