UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-21273-CIV-SCOLA/OTAZO-REYES

GEORGE KIRSHAM HARRIS, LUXON
LUBORIEUX, ARTURO LACAYO,
and ERIC GAMARRA,

          Plaintiffs,

v.

SWISSPORT SA, LLC, and SWISSPORT
CARGO SERVICES, LP,

          Defendants.
_____/

## REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION FOR COSTS

THIS CAUSE came before the Court upon Defendants Swissport SA, LLC ("Swissport SA") and Swissport Cargo Services, LP's ("Swissport Cargo") (together, "Defendants") Motion to Tax Costs Against Plaintiff Eric Gamarra and Bill of Costs [D.E. 70 & 71] (hereafter, "Motion for Costs"). This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Robert N. Scola, Jr., United States District Judge [D.E. 73]. For the reasons set forth below, the undersigned respectfully recommends that the Motion for Costs be GRANTED IN PART.

### FACTUAL AND PROCEDURAL BACKGROUND

In the initial Complaint, Plaintiffs George Kirsham Harris ("Harris"), Luxon Luborieux ("Luborieux") and Arturo Lacayo ("Lacayo") asserted unpaid overtime claims pursuant to the Fair Labor Standards Act ("FLSA") against Swissport SA [D.E. 1]. In the Second Amended Complaint, Luborieux and Lacayo asserted an unpaid overtime claim against Swissport SA (Count I), and Plaintiff Eric Gamarra ("Gamarra") asserted an unpaid overtime claim against

Swissport Cargo (Count II) [D.E. 26].[1] Defendants moved for summary judgment, which the Court granted on April 7, 2017 [D.E. 46 & 68]. On April 10, 2017, the Court entered judgment in favor of Defendants and against Plaintiffs Luborieux, Lacayo and Gamarra [D.E. 69]. On May 8, 2017, Defendants filed their Motion for Costs, seeking to recover from Gamarra costs in the amount of $3,157.85 as prevailing parties [D.E. 70 & 71].

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 54(d) (hereafter, "Rule 54(d)"), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." See Fed. R. Civ. P. 54(d)(1); Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 606 n.8 (2001), superseded by statute on other grounds, Open Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524 ("Courts generally, and this Court in particular . . . have a presumptive rule for costs which the Court in its discretion may vary."). "Rule 54(d) creates a strong presumption in favor of awarding costs to the prevailing party." Berube v. McCann Aerospace Machining Corp., 486 F. App'x 778, 780 (11th Cir. 2012). "Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d)." Head v. Medford, 62 F.3d 351, 354 (11th Cir. 1995). Title 28, United States Code, Section 1920, "enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded by statute on other grounds, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071. Pursuant to Section 1920, a court may award the following as costs:

(1) Fees of the clerk and marshal;

---

[1] Harris was dismissed from this action because the Court determined that he had abandoned prosecution of the case. See Order [D.E. 31].

> (2) Fees for printed and electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. A court may not award costs in excess of those authorized by statute. Crawford Fitting, 482 U.S. at 445.

## DISCUSSION

Defendants' costs request is composed of the following:

| Item | Amount ($) |
|---|---|
| Deposition transcripts | 1,973.95 |
| Exemplification and copying costs | 1,183.90 |
| **Total** | **3,157.85** |

In his Response in Opposition to the Motion for Costs (hereafter, "Response"), Gamarra objects to the Motion for Costs only to the extent that Swissport SA seeks to tax costs against him because Gamarra did not bring claims against Swissport SA in the Second Amended Complaint, and does not otherwise object to the Motion for Costs. See Response [D.E. 72 at 1]. Defendants did not file a reply.

Because Gamarra's sole claim in this action was brought against Swissport Cargo in Count II, and the Court entered judgment against Gamarra and in favor of Swissport Cargo as to Count II, Swissport Cargo is the prevailing party as to Count II. See Head, 62 F.3d at 354. However, Swissport SA is not a prevailing party as to Gamarra's claim because it was not a party to Count II. Cf. Kubiak v. S.W. Cowboy, Inc., No. 3:12-CV-1306-J-34JRK, 2017 WL 1080000, at *6 (M.D. Fla. Mar. 22, 2017) ("no amount of success against one defendant . . . can be considered success against a different defendant") (quoting In re Basil St. Partners, LLC, No.

3

9:11-BK-19510-FMD, 2013 WL 4461566, at *4 (Bankr. M.D. Fla. Aug. 19, 2013)). Accordingly, the undersigned finds that Swissport Cargo is entitled to recover taxable costs from Gamarra as prevailing party. Further, the undersigned finds that the $1,973.95 in deposition transcript costs and $1,183.90 in exemplification and copying costs are reasonable and recoverable pursuant to Section 1920. See 28 U.S.C. § 1920. Therefore, Swissport Cargo is entitled to recover $3,157.85 in costs.

## RECOMMENDATION

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that Defendants' Motion for Fees be GRANTED IN PART and that only Swissport Cargo be awarded costs against Gamarra in the amount of **$3,157.85**.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen** days from the date of this Report and Recommendation to file written objections, if any, with the Honorable Robert N. Scola, Jr., United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

5

RESPECTFULLY SUBMITTED in Miami, Florida on this 19th day of June, 2017.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: United States District Judge Robert N. Scola, Jr.
Counsel of Record

5